UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

File No. 1:05-CR-160

v.

HON. ROBERT HOLMES BELL

JOSHSHAN CHILDS, and
JEREMIAH JAPETH SIMS,

      Defendants.
_____/

## **O P I N I O N**

Defendants Joshshan Childs and Jeremiah Japeth Sims have been charged with conspiracy to use interstate commerce facilities in the commission of a murder-for-hire, and with murder- for-hire in violation of 18 U.S.C. § 1958. Because the offense charged carried a potential sentence of death pursuant to 18 U.S.C. § 3591, Defendants were each appointed two counsel, at least one of whom was "learned in the law applicable to capital cases." 18 U.S.C. § 3005.

On August 30, 2006, the government filed notice of its intent not to seek the death penalty against either defendant. This matter is now before the Court on Defendants' motions to allow their continued representation by both lead counsel and co-counsel.

Defendants raise a number of arguments in support of their motion. They note that they have been charged with an alleged murder-for-hire that occurred over ten years ago, and

that the charge still carries a life sentence. They note that because two counsel were originally appointed to represent each defendant, all counsel have developed a close attorney-client relationship with the defendants. Moreover, although counsel have worked together, lead counsel and co-counsel have also divided some of the investigative and legal responsibilities, so the loss of co-counsel will make the job of lead counsel very difficult. Defendants also contend that due to the length of time that has elapsed since the alleged crime, the location of witnesses throughout the country, and the limited discovery provided by the government, the case is complex. According to Defendants, the complexity of this case is demonstrated by the government's assignment of two of its most experienced counsel to try this case. Defense counsel have assured the Court that if co-counsel is permitted to stay on the case that they will do what they can to avoid duplication of effort.

The Court is not unsympathetic to the arguments raised by defense counsel. Nevertheless, the government's formal decision not to seek the death penalty in a capital case extinguishes a defendant's statutory right to have a second court-appointed counsel. *United States v. Waggoner*, 339 F.3d 915, 918 (9th Cir. 2003); *United States v. Casseus*, 282 F.3d 253, 256 (2nd Cir. 2002).

Defendants have not suggested any alternative authority that permits the Court to require the public to pay for a second attorney other than a non-specific appeal to fairness and/or effective assistance of counsel. This Court is not persuaded that fairness or effective assistance of counsel requires two counsel to represent each Defendant in this case. Each

Defendant is represented by capable lead counsel.  The Court is satisfied that lead counsel will be able to come up to speed on co-counsel's areas of specialty.  This Court has seen many cases that call for mandatory life sentences, many cases that are more complicated than this case, and many cases that have involved substitution of counsel.  Yet, this Court has always found that one defense attorney has been sufficient for adequate representation.  The Court is not convinced that the circumstances of this case are so unique or complicated as to require a different result.  Accordingly, Defendants' motions for continued representation by both lead counsel and co-counsel will be denied.

The Court appreciates the capable representation that Attorneys Scott Graham and Keith Spielfogel have given their clients.  The Court thanks them for their services, but must nevertheless terminate their appointments as they are no longer necessary to the effective defense of Defendants Childs and Sims.

An order consistent with this opinion will be entered.


Date:    September 12, 2006            /s/ Robert Holmes Bell
                                                         ROBERT HOLMES BELL
                                                         CHIEF UNITED STATES DISTRICT JUDGE