UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

       Plaintiff,

                                                  File No.  1:05-CR-160

v.

                                                  HON. ROBERT HOLMES BELL

JOSHSHAN CHILDS and
JEREMIAH JAPETH SIMS,

       Defendants.
                                                 /

# **O P I N I O N**

This matter is before the Court on Defendant Joshshan Childs' motion for relief from prejudicial joinder.

Defendants Joshshan Childs and Jeremiah Japeth Sims have been charged with conspiracy to commit a murder-for-hire and the murder-for-hire of Chrissy Satterfield in Berrien County on or about August 6, 1996.  Sims has made statements to law enforcement officers and to a jail cell mate that directly implicate Childs in the murder.  Childs moved for relief from prejudicial joinder based upon his contention that any admission of Sims' statements would violate Childs' Sixth Amendment right to confrontation.  *See Bruton v. United States*, 391 U.S. 123, 126 (1968) (holding that statements of non-testifying co-defendants which implicate another defendant on their face violate the Sixth Amendment right to confront witnesses, regardless of any limiting instruction).

The government acknowledged that admission of Sims' statements in full would directly incriminate Childs in the murder and would violate Childs' Sixth Amendment rights. However, the government contended that severance was not required because *Bruton* can be complied with by redaction. *See Richardson v. Marsh*, 481 U.S. 200, 209 (1987). The government offered a redacted synopsis of Sims' statements, which it contended would satisfactorily address Childs' concerns.

Although Defendant Childs was substantially satisfied with the government's proposed redaction of Sims' statements, Defendant Sims was not. Defendant Sims objected to the proposed redaction because he argued that it violated his right to confrontation and the rule of completeness. According to Defendant Sims, the proposed redaction would present his statements out of context and would prevent him from effectively cross-examining the government witnesses on the entire statement.

The parties advised the Court that they would attempt to work out a mutually agreeable redaction of Sims' statements. Although the parties have made an attempt, no agreement has been reached. The government and Sims have each filed supplemental briefs with conflicting proposals on how Sims' statements should be redacted.

There is a strong policy presumption in favor of joint trials "when charges will be proved by the same evidence and result from the same acts." *United States v. Critton*, 43 F.3d 1089, 1098 (6th Cir. 1995). Nevertheless, the Court may grant a severance "[i]f it

appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants." FED. R. CRIM. P. 14.

It appears to this Court that this is a proper case for severance. A redaction of Sims' statements that enables the government to introduce evidence in support of its case while at the same time preserving the constitutional rights of both Sims and Childs is probably impossible to achieve. Either the government or one of the Defendants will be prejudiced by a joint trial. Accordingly, the Court will grant Childs' motion for relief from prejudicial joinder and sever the trial of Childs from the trial of Sims. Pursuant to the government's request, the Court will schedule the trial of Childs to commence prior to the trial of Sims.

An order consistent with this opinion will be entered.


Date:   November 9, 2006            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE